IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LISA M. CASTLEBERRY                                                  PLAINTIFF

vs.                                     Civil No. 3:10-cv-03116

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lisa M. Castleberry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff filed her disability applications on December 26, 2007. (Tr. 47, 102-113).  Plaintiff alleged she was disabled due to chronic back pain, degenerative disc disease, and scoliosis.  (Tr. 134).  Plaintiff alleged an onset date of October 14, 2007.  (Tr. 134).  These applications were denied initially and again upon reconsideration.  (Tr. 40-43).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, on May 23, 2008, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 73-95). Plaintiff's administrative hearing was held on March 4, 2009 in Harrison, Arkansas. (Tr. 7-39). Plaintiff was present and was represented by counsel, Donald E. Bishop, at this hearing. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Floyd John Massey testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had obtained a four-year college degree in graphic design. (Tr. 12-14).

On July 1, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 47-57). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 49, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 14, 2007, her alleged onset date. (Tr. 49, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, scoliosis, and a mood disorder (depression). *Id.* The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 50-51, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 51-55, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit for about 6 hours during

> an 8 hour workday and can stand and walk for at least 2 hours during an 8 hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can perform unskilled work where interpersonal contact is incidental to the work performed.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 55, Finding 6). The ALJ determined Plaintiff's PRW included work as a home health aide (medium, semi-skilled); retail sales clerk (light, semi-skilled); head gardener (medium, semi-skilled); assistant restaurant manager (light, skilled); and waitress (light, semi-skilled). *Id.* The VE testified at the administrative hearing regarding this issue. (Tr. 34-39). Based upon her RFC and the VE's testimony, the ALJ determined Plaintiff was unable to perform any of her PRW. (Tr. 55, Finding 6). The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy that she could perform. (Tr. 55-56, Finding 10). The VE also testified on this issue. (Tr. 34-39).

Based upon that testimony, the ALJ determined that a hypothetical person with Plaintiff's limitations would be able to perform representative occupations such as assembly worker (sedentary, unskilled) with approximately 453 such jobs in the regional economy and 13,264 such jobs in the national economy; bench assembler (sedentary, unskilled) with approximately 196 such jobs in the regional economy and 10,967 such jobs in the national economy; and packaging machine operator (sedentary, unskilled) with approximately 1,001 such jobs in the regional economy and 6,000 such jobs in the national economy. (Tr. 56). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from October 14, 2007 through the date of his decision or through July 1, 2009. (Tr. 56, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

3

decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 1, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 6, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 7.  Specifically, Plaintiff claims the ALJ erred by improperly discrediting her testimony regarding her impairments.  *Id.*  Because this Court agrees with Plaintiff's argument and finds the ALJ improperly evaluated her subjective complaints, this Court will only address that issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely summarized the medical records and recited the following:

> In sum, the above residual functional capacity assessment is consistent with and supported by the record as whole. *Due to the lack of supporting objective medical evidence, the undersigned finds the claimant's subjective complaints and alleged limitations not fully persuasive* and, therefore, she is able to perform basic work activities at the residual functional capacity outlined above.

(Tr. 55) (emphasis added). Discounting Plaintiff's subjective complaints based upon the medical evidence alone was improper. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]").

Indeed, particularly telling in this case is that fact that Plaintiff is required to take a number of strong prescription pain relievers throughout the day. (Tr. 53). The ALJ noted Plaintiff takes alternating doses of 50 to 100 milligrams of Morphine every 4 hours throughout the day as well as 150 mg of Trazodone (sedative), 4 mg of Tizanidine (muscle relaxant), and 350 mg of Soma (muscle relaxant, pain reliever) four times per day. *Id.* All of these medications were taken at the direction of a pain management specialist. *Id.* Even despite these medications, the ALJ still found Plaintiff's subjective complaints of disabling pain were entirely inconsistent with her medical treatment and the medical records. Thus, upon remand, the ALJ should more fully address Plaintif's medications

as well as consider the other *Polaski* factors.[3]

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of December, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.