IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LISA M. CASTLEBERRY                                              PLAINTIFF

vs.                              Civil No. 3:10-cv-03116

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees Under the Equal

Access to Justice Act ("EAJA").  ECF No. 11.  Defendant has responded to this Motion and objects

to Plaintiff's requested hourly rate for 2011.  ECF No. 15.  The Parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting

the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF

No. 5.  Pursuant to this authority, the Court issues this Order.

**1.     Background:**

Lisa M. Castleberry ("Plaintiff") appealed to this Court from the Secretary of the Social

Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On

December 19, 2011, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C.

§ 405(g).  ECF Nos. 9-10.

On March 14, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees

under the EAJA.  ECF No. 15.  With this Motion, Plaintiff requests an award of attorney's fees of

$2,473.79, representing 1.55 hours at an hourly rate of $169.62 (2010), 12.50 hours at an hourly rate

of $175.50 (2011 and 2012), and $17.13 for certified mail.  *Id.*  Defendant responded to this Motion

on March 14, 2012 and claims Plaintiff is only entitled to $2,456.54 under the EAJA.  ECF No. 15.

2.    **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable

government action.  *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).  *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3.    **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA.  ECF Nos. 9-10.  Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA.  ECF No. 15.  The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,473.79 under the EAJA.  ECF No. 11.  Plaintiff requests these fees at an hourly rate of $169.62 for 1.55 hours of work performed in 2010; $175.50 for 12.50 hours of work performed in 2011 and 2012; and $17.13 for certified mail service.  *Id.*

For 2010, the hourly rate of $169.62 per attorney hour is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate.  *See* General Order 39.  *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.  In the present action, Plaintiff's requested rate of $169.62 per hour is authorized by CPI-South index.  Thus, this hourly rate is authorized by the EAJA, and this

3

Court finds Plaintiff is entitled to $169.62 per attorney hour for work performed in 2010.  For 2011, Plaintiff requests fees at an hourly rate of $175.50.  ECF No. 11.  Defendant has objected, claiming Plaintiff is only entitled to fees at an hourly rate of $174.00 for work performed in 2011.  ECF No. 15. This Court agrees and finds the hourly of $175.50 is excessive.  This rate should be reduced to $174.00 based upon the CPI-South index.  Finally, for 2012, Defendant does object to Plaintiff's requested hourly rate of $175.50, and this Court finds such an award is proper.

Further, this Court has reviewed Plaintiff's request for 1.55 hours of attorney work during 2010 and 12.50 hours of attorney work during 2011 and 2012.  Plaintiff has submitted an itemized bill in support of that request.  ECF No. 14-1.  Defendant does not object to Plaintiff's itemized request.  ECF No. 15.  This Court has reviewed the itemized request and finds that it is reasonable.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*.  ECF No. 15.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.**     **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$2,456.54** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **19th day of March, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE